Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Shanna Jeannine Richter**
**David Michael Richter**

Case No. **22-41874**
CHAPTER 13 PLAN ☑ Modified
Dated: **February 28, 2025**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $ **12,560.00**.

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $300.00 | 03/2025 (10 months) | 11/2025 | $3,000.00 |
| $2,110.00 | 01/2026 (23 months) | 11/2027 | $48,530.00 |
| | | TOTAL: | $51,530.00 |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4 The debtor will also pay the trustee **0.00**.

2.5 The debtor will pay the trustee a total of $ **64,090.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **6,409.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Lincoln Automotive Fin/Ford Motor Credit** | **2015 Ford Fusion 34000 miles<br>Kelly Blue Book value used.<br>Son pays for this vehicle.** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Guidance Res/US Bk | $1,549.94 | n/a | n/a | n/a | $0.00 | $1,549.94 | $1,549.94 |
|  |  |  |  |  |  |  | TOTAL | $1,549.94 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

|  | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | Teacher Federal Cred U/TruStone Financia | $9,811.59 | $9,811.59 | 9.00 | ☐ | 03/2025 | $175.36 | 33 | $5,786.98 | $5,445.20 | $11,232.18 |
|  |  |  |  |  |  |  |  |  |  | TOTAL | $11,232.18 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees (Post) | $800.00 | 03/2026 | $800.00 | 1 | $800.00 | $0.00 | $800.00 |
| 10.2 | Attorney Fees (Post) | $500.00 | 11/2025 | $82.53 | 4 | $330.10 | $169.90 | $500.00 |
| 10.3 | Attorney Fees (Post) | $813.48 | 03/2025 | $86.53 | 8 | $692.35 | $121.13 | $813.48 |
| 10.4 | Attorney Fees (Post) | $806.70 | n/a | n/a | n/a | $0.00 | $806.70 | $806.70 |
| 10.5 | Attorney Fees | $3,052.65 | n/a | n/a | n/a | $0.00 | $3,052.65 | $3,052.65 |
| 10.6 | Internal Revenue Service | $1.00 | 12/2023 | Pro Rata | Pro Rata | $1.00 | $0.00 | $1.00 |
| 10.7 | MN Dept of Revenue | $1.00 | 12/2023 | Pro Rata | Pro Rata | $1.00 | $0.00 | $1.00 |
|  |  |  |  |  |  |  | TOTAL | $5,974.83 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

|  | Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **38,924.05** [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **38,621.26** .

13.3 Total estimated unsecured claims are $ **38,621.26** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| | -NONE- | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | **Debtors will retain all refunds.** |
|---|---|
| | **This is a 100% plan. Allowed general unsecured non-priority claims shall be paid in full. Debtors will not decrease the return to general unsecured creditors under any modified plans filed in this case.** |
| | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtors for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.** |
| | **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.** |
| | **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.** |
| | **Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, and 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtors receiving a discharge in this case.** |
| | **All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtors monthly statements and are authorized to speak to debtor about post-petition payments.** |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **6,409.00** |
| Home mortgages in default [Part 6] | $ | **1,549.94** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **11,232.18** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **4,974.83** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **38,924.05** |
| TOTAL (must equal line 2.5) | $ | **64,090.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Amanda M. Rosback**
       **Amanda M. Rosback 0399772**
       Attorney for debtor

Signed: **/s/ Shanna Jeannine Richter**
       **Shanna Jeannine Richter**
       Debtor 1

Signed: **/s/ David Michael Richter**
       **David Michael Richter**
       Debtor 2 (if joint case)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Case No. 22-41874

Shanna Jeannine Richter  Chapter 13
David Michael Richter

Debtor(s)

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 2/28/2025, I did cause a copy of the following document(s), described below:

Modified Ch 13 Plan, Notice of Confirmaiton Hearing, and Memorandum

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 2/28/2025.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 2/28/2025

/s/ Amanda M. Rosback
Amanda M. Rosback
Bar No. 0399772
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
amanda@lifebacklaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

    Shanna Jeannine Richter

    David Michael Richter

    Debtor(s)

Case No. 22-41874

Chapter 13

### CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 2/28/2025, I did cause a copy of the following document(s), described below:

Modified Ch 13 Plan, Notice of Confirmaiton Hearing, and Memorandum

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/28/2025

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 2/28/2025, I caused a copy of the Modified Ch 13 Plan, Notice of Confirmaiton Hearing and and Memorandum to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | |
|---|---|---|---|---|
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| Oliphant Financial, LLC | | | Bass & Associates P.C. | 3936 E. Ft. Lowell Rd., Suite #200 | Tucson AZ 85712-1083 |
| TruStone Financial Credit Union | | | c/o Stewart Zlimen & Jungers Ltd | 2860 Patton Road | Roseville MN 55113-1100 |
| U.S. Bank National Association | | | 14841 Dallas Parkway, Suite 425 | | Dallas TX 75254-8067 |
| U.S. Bank National Association | | | 4500 Park Glen Road | Suite 300 | Minneapolis MN 55416-4891 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| Affirm | | | Attn: Bankruptcy | 30 Isabella St. Floor 4 | Pittsburgh PA 15212-5862 |
| Allina Collection Department | | | 2925 Chicago Ave | | Minneapolis MN 55407-1321 |
| American Accounts & Advisers | | | Attn: Bankruptcy | Po Box 250 | Cottage Grove MN 55016-0250 |
| American Acoounts & Advisers | | | 7460 80th St S | | Cottage Grove MN 55016-3007 |
| Capital One | | | Attn: Bankruptcy | Po Box 30285 | Salt Lake City UT 84130-0285 |
| Capital One | | | Attn: Bnakruptcy | P.O. Box 30285 | Salt Lake City UT 84130-0285 |
| Capital One N.A. | | | by American InfoSource as agent | PO Box 71083 | Charlotte NC 28272-1083 |
| Comenity Bank/Maurices | | | Attn: Bankruptcy | Po Box 182125 | Columbus OH 43218-2125 |
| Comenity Bank/Victoria Secret | | | Attn: Bankruptcy | Po Box 182125 | Columbus OH 43218-2125 |
| ComenityBank/Venus | | | Attn: Bankruptcy | Po Box 182125 | Columbus OH 43218-2125 |
| CONTINENTAL FINANCE COMPANY | | | PO BOX 3220 | | BUFFALO NY 14240-3220 |
| Credit One Bank | | | Attn: Bankruptcy Department | Po Box 98873 | Las Vegas NV 89193-8873 |
| Fingerhut | | | Attn: Bankruptcy | 6250 Ridgewood Road | Saint Cloud MN 56303-0820 |
| FIRST SAVINGS BANK | | | ATTN BANKRUPTCY | 1500 S HIGHLINE AVE | SIOUX FALLS SD 57110-1003 |
| Ford Motor Credit Company LLC | | | 4515 N. Santa Fe Ave. Dept. APS | | Oklahoma City OK 73118-7901 |
| FREEDOM FINANCIAL ASSET MANAGEMENT LLC | | | ATTN BANKRUPTCY DEPARTMENT | PO BOX 2340 | PHOENIX AZ 85002-2340 |
| Genesis FS Card Services | | | Attn: Bankruptcy | Po Box 4477 | Beaverton OR 97076-4401 |
| Ginny's | | | c/o Creditors Bankruptcy Service | P.O. Box 800849 | Dallas TX 75380-0849 |
| Ginnys/Swiss Colony Inc | | | Attn: Credit Department | Po Box 2825 | Monroe WI 53566-8025 |
| Guidance Res/US Bk | | | Attn: Bankruptcy | 800 Nicollet Mall | Minneapolis MN 55402-7000 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| JEFFERSON CAPITAL SYSTEMS LLC | | | PO BOX 7999 | | SAINT CLOUD MN 56302-7999 |
| Kohls/Capital One | | | Attn: Credit Administrator | Po Box 3043 | Milwaukee WI 53201-3043 |
| LVNV Funding, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| Lincoln Automotive Fin | | | Attn: Bankrutcy | Po Box 54200 | Omaha NE 68154-8000 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |

| Name | | | Address 1 | Address 2 | City/State/Zip |
|---|---|---|---|---|---|
| Massey's | | | P.O. Box 2822 | | Monroe WI 53566-8022 |
| Massey's | | | c/o Creditors Bankruptcy Service | P.O. Box 800849 | Dallas TX 75380-0849 |
| MISSION LANE LLC | | | PO BOX 105286 | | ATLANTA GA 30348-5286 |
| Oliphant Financial, LLC. | | | Bass & Associates, P.C. | 3936 E. Ft. Lowell Rd., Suite 200 | Tucson AZ 85712-1083 |
| Quantum3 Group LLC as agent for | | | Comenity Bank | PO Box 788 | Kirkland WA 98083-0788 |
| Quantum3 Group LLC as agent for | | | Genesis FS Card Services Inc | PO Box 788 | Kirkland WA 98083-0788 |
| RELIANCE RECOVERIES | | ATTN ACCOUNTS RECEIVABLE SERVICES | 6160 SUMMIT DR N | SUITE 440 | BROOKLYN CENTER MN 55430-2149 |
| Syncb/venmo | | | Attn: Bankruptcy | P.O. Box 965015 | Orlando FL 32896-5015 |
| Syncb/walmart | | | PO BOX 965024 | | Orlando FL 32896-5024 |
| Synchrony Bank/Care Credit | | | Attn: Bankruptcy Dept | Po Box 965064 | Orlando FL 32896-5064 |
| Synchrony/PayPal Credit | | | Attn: Bankruptcy | Po Box 965060 | Orlando FL 32896-5060 |
| Teacher Federal Cred U/TruStone Financia | | | Attn: Bankruptcy | 14601 27th Ave N Suite 104 | Plymouth MN 55447-4834 |
| TruStone Financial Credit Union | | | 14601 27th Ave N #104 | | Plymouth MN 55447-4834 |
| US BANK | | | PO BOX 5229 | | CINCINNATI OH 45201-5229 |
| UPGRADE INC | | | 2 N CENTRAL AVE | 10TH FLOOR | PHOENIX AZ 85004-4422 |
| Upstart Finance | | | Attn: Bankruptcy | Po Box 1503 | San Carlos CA 94070-7503 |
| Upstart Network, Inc | | | PO BOX 1931 | | Burlingame CA 94011-1931 |
| XCEL ENERGY | | | ATTN ATTN BANKRUPTCY DEPARTMENT | PO BOX 9477 | MINNEAPOLIS MN 55484-0001 |
| Amanda M. Rosback | | | LifeBack Law Firm, PA | 13 -7th Avenue South | Saint Cloud MN 56301-4259 |
| Bonial Suri | | | U.S. Bank National Association | 14841 Dallas Parkway, Suite 350 | Dallas TX 75254-7685 |
| David Michael Richter | | | 1321 23rd Street SE | | Saint Cloud MN 56304-8608 |
| Kyle Carlson | | | Chapter 13 Trustee | PO Box 519 | Barnesville MN 56514-0519 |
| Shanna Jeannine Richter | | | 1321 23rd Street SE | | Saint Cloud MN 56304-8608 |